**B25A (Official Form 25A) (12/08)**

**United States Bankruptcy Court**
**Northern District of Oklahoma**

In re **Wendell Wallace West / Agneta Mari West**
Debtor(s)

Case No. **11-11873-R**
Chapter **11**

Small Business Case under Chapter 11

# DEBTORS' PLAN OF REORGANIZATION DATED OCTOBER 4, 2011

## ARTICLE I
## SUMMARY

1.01     This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Wendell Wallace West and Agneta Mari West (the "Debtors") from future income.

1.02     This Plan provides for 15 classes of secured claims; 1 class of unsecured claims; and 1 class consisting of the interests of the individual Debtors in property of the estate. There are no equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **12 cents** on the dollar.

1.03     The actual percentage payback on general unsecured claims may differ from the percentage stated. The total of general unsecured claims as set forth in the schedules is $65,025. Claims as actually filed may be different. Debtors can object to proofs of claim. The plan relegates parts of some first mortgage claims and all of the 3 second-mortgage claims to general unsecured status, thereby adding (based on scheduled claim amounts) an estimated $114,289 to the total of general unsecured claims. The sum of $65,025 and $114,289 is $179,314. $380.74 times 60 months is $22,844. $22,844 divided by $179,314 is 12.77%, rounded down to a full percentage is 12%.

1.04     This Plan also provides for the payment of administrative expense claims.

1.05     All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Claims and interests are classified as follows and are more particularly described in Article IV:

| Class | Description (note: there are no priority claims, so no class is designated for such claims) |
|---|---|
| 1 | Secured Claim of BAC Home Loan Servicing – mortgage on Debtors' homestead, 6515 S. 107th E. Ave. |
| 2 | Secured Claim of BAC Home Loan Servicing – mortgage on 500 N. Lincoln. |
| 3 | Secured Claim of Aurora Loan Services - mortgage on 3245 and 3247 S. Joplin |
| 4 | Secured Claim of U.S. Bank National Association, as Trustee Ramp 2006-RS6 - 1st mortgage on 5905 and 5907 East 33rd Court. This is the same debt that is described in Schedule D as being owed to Suntrust Mortgage. |
| 5 | Secured Claim of U.S. Bank National Association, as Trustee Ramp 2006-RS6 - **2nd mortgage** on 5905 and 5907 East 33rd Court. This is the same debt that is described in Schedule D as being owed to Suntrust Mortgage. |
| 6 | Secured Claim of ONB Bank - mortgage on 520 and 520 1/2 N. Lincoln. |
| 7 | Secured Claim of ONB Bank - mortgage on 110 E. 6th Street. |
| 8 | Secured Claim of Aurora Loan Services - 1st mortgage on 11010 E. 18th Street. |
| 9 | Secured Claim of Real Time Resolutions, Inc. - **2nd mortgage** on 11010 E. 18th Street. |
| 10 | Secured Claim of BAC Home Loan Servicing - mortgage on 115 South Knoxville Ave., Tulsa, Oklahoma. |
| 11 | Secured Claim of HSBC - 1st mortgage on 1928 S. Hickory Place. |
| 12 | Secured Claim of HSBC - **2nd mortgage** on 1928 S. Hickory Place. |
| 13 | Secured Claim of Tulsa County Treasurer for Ad Valorem Taxes. |
| 14 | Secured Claim of AHS dba Hillcrest Healthcare System, Inc. - judgment lien. |
| 15 | Secured Claim of Citimortgage - mortgage on 116 S. Jamestown, Tulsa, Oklahoma, which is no longer owned by Debtors. |
| 16 | General Unsecured Claims, to the extent allowed under Section 502 of the Bankruptcy code. |
| 17 | The interests of the individual Debtors in property of the estate. |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  There are no priority tax claims.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Note: there are no priority claims, so no class is designated for such claims. | | |
| Class 1 - Secured Claim of BAC Home Loan Servicing - mortgage on Debtors' **homestead**, 6515 S. 107th E. Ave., described as Lot Twelve (12), Block Two (2), THE BEDFORD, an Addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat thereof. | Impaired | This is Debtors' homestead. This claim is based on a fully secured first mortgage on the property indicated. Debtors shall resume their regular contractual monthly payments on this mortgage, beginning on the first day of the month following the effective date of this plan. There is no pre-petition arrearage. The arrearage that arises before the effective date of the Plan shall be cured as follows: Debtor shall pay the delinquency (as specified in the holder of this claim's allowed proof of claim) to the holder of this claim without interest in monthly payments not less than 1/60th (one sixtieth) per month beginning on the effective date of this Plan, and this treatment shall be deemed to cure all defaults in the note and mortgage. The holder of this claim shall retain its mortgage on this property (but shall take no action to enforce it as long as said payments are maintained). All defaults occurring before the effective date of this Plan are hereby cured. |
| Class 2 - Secured Claim of BAC Home Loan Servicing - mortgage on 500 N. Lincoln, Sand Springs, Oklahoma and 500 A N. Lincoln, Sand Springs, Oklahoma, described as: THE EAST SEVENTY-SIX (76) FEET OF LOT EIGHT (8), BLOCK FOURTEEN (14), ORIGINAL TOWN OF SAND SPRINGS, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF. | Impaired | This claim is based on an undersecured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $61,000 (the value of the secured portion of this claim is hereby determined to be this amount) of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $309.08 per month. The holder of this claim shall retain its mortgage on said property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated (not the full claim or debt) has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. The rest of the holder of this claim's allowed claim shall be relegated to general unsecured status and share pro rata in the distribution. These monthly payments are based on a 360-month amortization. |
| Class 3 - Secured Claim of Aurora Loan Services - mortgage on 3245 and 3247 S. Joplin, Tulsa, Oklahoma, described as: LOT THREE (3), BLOCK ONE (1), SOUTH JOPLIN GARDENS, A SUBDIVISION OF LOTS 7, 8, 9, 10, 11 AND 12 OF BLOCK 5 OF LORRAINE HEIGHTS ADDITION TO HIGHLAND PARK, NOW A PART OF THE CITY OF TULSA, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED NO. 3022. | Impaired | This claim is based on an undersecured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $95,000 (the value of the secured portion of this claim is hereby determined to be this amount) of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $481.35 per month. The holder of this claim shall retain its mortgage on said property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated (not the full claim or debt) has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. The rest of the holder of this claim's allowed claim shall be relegated to general unsecured status and share pro rata in the distribution. These monthly payments are based on a 360-month amortization. |

B25A (Official Form 25A) (12/08) - Cont.    4

| Class | Impairment | Treatment |
|---|---|---|
| Class 4 - Secured Claim of U.S. Bank National Association, as Trustee Ramp 2006-RS6 - 1st mortgage on 5905 and 5907 East 33rd Court, Tulsa, Oklahoma, described as: Lot Four (4), Block One (1), SOUTH JOPLIN GARDENS, a subdivision of Lots 7, 8, 9, 10, 11, and 12, Block 5, LORRAINE HEIGHTS to Highland Park, Now a part of the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat No. 3022, AND a part of the NE1/4 of Section 22, T-19-N, R-13-E, Tulsa County, State of Oklahoma. This is the same debt that is described in Schedule D as being owed to Suntrust Mortgage. | Impaired | This claim is based on an undersecured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $100,000 (the value of the secured portion of this claim is hereby determined to be this amount) of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $506.69 per month. The holder of this claim shall retain its mortgage on said property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated (not the full claim or debt) has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. The rest of the holder of this claim's allowed claim shall be relegated to general unsecured status and share pro rata in the distribution. These monthly payments are based on a 360-month amortization. |
| Class 5 - Secured Claim of U.S. Bank National Association, as Trustee Ramp 2006-RS6 - **2nd mortgage** on 5905 and 5907 East 33rd Court, Tulsa, Oklahoma, described as: Lot Four (4), Block One (1), SOUTH JOPLIN GARDENS, a subdivision of Lots 7, 8, 9, 10, 11, and 12, Block 5, LORRAINE HEIGHTS to Highland Park, Now a part of the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat No. 3022, AND a part of the NE1/4 of Section 22, T-19-N, R-13-E, Tulsa County, State of Oklahoma. This is the same debt that is described in Schedule D as being owed to Suntrust Mortgage. | Impaired | This claim is based on a second mortgage on the property indicated, whose value is fully exhausted by a first mortgage. The value of the secured portion of this claim is hereby determined to be $0. This second mortgage, which is recorded at Document #2006094816 Pages 13 of the County Clerk of Tulsa County, Oklahoma, is hereby avoided and released. The holder of this claim's entire allowed claim arising from this second mortgage debt shall be relegated to general unsecured status and share pro rata in the distribution provided herein for general unsecured claims. |
| Class 6 - Secured Claim of ONB Bank - mortgage on 520 and 520 1/2 N. Lincoln, Sand Springs, Oklahoma, described as: Lot 2, Block 14 Original township, in the City of Sand Springs, Tulsa County, State of Oklahoma, according to the recorded plat thereof. | Impaired | This claim is based on a fully secured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $146,017.22 to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $739.85 per month and a balloon payment of any remaining balance 10 years later. The holder of this claim shall retain its mortgage on this property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest, are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. These monthly payments are based on a 360-month amortization, subject to the balloon indicated. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 7 - Secured Claim of ONB Bank - mortgage on 110 E. 6th Street, Sand Springs, Oklahoma, described as: Lot 1, Block 14 Original township, in the City of Sand Springs, Tulsa County, State of Oklahoma, according to the recorded plat thereof. | Impaired | This claim is based on a fully secured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $38,999.18 to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $197.60 per month and a balloon payment of any remaining balance 10 years later. The holder of this claim shall retain its mortgage on this property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest, are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. These monthly payments are based on a 120-month amortization, rather than a 360-month amortization, because the loan balance and property value are much lower, and the structure on the property much older (1920's) than is the case with Debtors' other properties. |
| Class 8 - Secured Claim of Aurora Loan Services - 1st mortgage on 11010 E. 18th Street, Tulsa, Oklahoma, described as: Lot Five (5), Block Five (5), MAGIC CIRCLE ADDITION, an Addition in Tulsa County, State of Oklahoma, according to the Recorded Plat No. 2492. | Impaired | This claim is based on an undersecured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $62,500 (the value of the secured portion of this claim is hereby determined to be this amount) of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $316.68 per month. The holder of this claim shall retain its mortgage on said property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated (not the full claim or debt) has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. The rest of the holder of this claim's allowed claim shall be relegated to general unsecured status and share pro rata in the distribution. These monthly payments are based on a 360-month amortization. |
| Class 9 – Secured Claim of Real Time Resolutions, Inc. - **2nd mortgage** on 11010 E. 18th Street, Tulsa, Oklahoma, described as: Lot Five (5), Block Five (5), MAGIC CIRCLE ADDITION, an Addition in Tulsa County, State of Oklahoma, according to the Recorded Plat No. 2492.  This is the same debt that is described in Schedule D as being owed to Real Time Solutions. | Impaired | This claim is based on a second mortgage on the property indicated, whose value is fully exhausted by a first mortgage. The value of the secured portion of this claim is hereby determined to be $0. This second mortgage, which is recorded at Document #2006041982 Pages 12 of the County Clerk of Tulsa County, Oklahoma, is hereby avoided and released. The holder of this claim's entire allowed claim arising from this second mortgage debt shall be relegated to general unsecured status and share pro rata in the distribution provided herein for general unsecured claims. |

**B25A (Official Form 25A) (12/08) - Cont.** 6

| Class | Impairment | Treatment |
|---|---|---|
| Class 10 - Secured Claim of BAC Home Loan Servicing - mortgage on 115 South Knoxville Ave., Tulsa, Oklahoma, described as: Lot Seven (7), Block Eight (8), WALNUT PARK ADDITION to Tulsa, Tulsa County, State of Oklahoma, according to the Recorded Plat No. 759. | Impaired | This claim is based on an undersecured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $68000 (the value of the secured portion of this claim is hereby determined to be this amount) of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $344.55 per month. The holder of this claim shall retain its mortgage on said property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated (not the full claim or debt) has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. The rest of the holder of this claim's allowed claim shall be relegated to general unsecured status and share pro rata in the distribution. These monthly payments are based on a 360-month amortization. |
| Class 11 - Secured Claim of HSBC - 1st mortgage on 1928 S. Hickory Place, Broken Arrow, Oklahoma, described as: Lot 10, Block 5, Village Square 2nd AMD, Broken Arrow, Tulsa County, State of Oklahoma. | Impaired | This claim is based on an undersecured first mortgage on the property indicated. Beginning on the effective date of this Plan, Debtors shall pay $62500 (the value of the secured portion of this claim is hereby determined to be this amount) of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $316.68 per month. The holder of this claim shall retain its mortgage on said property (but shall take no action to enforce it as long as said payments are maintained) until said amount with the interest stated (not the full claim or debt) has been paid and then shall release it. Any terms of the note or mortgage providing for balloon payments, cross-collateralization with other notes or mortgages, or charges for unearned interest are hereby removed. All defaults occurring before the effective date of this Plan are hereby cured. The rest of the holder of this claim's allowed claim shall be relegated to general unsecured status and share pro rata in the distribution. These monthly payments are based on a 360-month amortization. Debtors are the owners of this property. However, the obligors on the note are Michael and Sherri Kelly, not Debtors. Nothing in this paragraph shall prevent the holder of this claim from enforcing its rights under that note in personam against those obligors. |
| Class 12 - Secured Claim of HSBC - **2nd mortgage** on 1928 S. Hickory Place, Broken Arrow, Oklahoma, described as: Lot 10, Block 5, Village Square 2nd AMD, Broken Arrow, Tulsa County, State of Oklahoma. | Impaired | This claim is based on a second mortgage on the property indicated, whose value is fully exhausted by a first mortgage. The value of the secured portion of this claim is hereby determined to be $0. This second mortgage, which is recorded at Document #2007061219 Pages 6 of the County Clerk of Tulsa County, Oklahoma, is hereby avoided and released. The holder of this claim's entire allowed claim arising from this second mortgage debt shall be relegated to general unsecured status and share pro rata in the distribution provided herein for general unsecured claims. Debtors are the owners of this property. However, the obligors on the note are Michael and Sherri Kelly, not Debtors. Nothing in this paragraph shall prevent the holder of this claim from enforcing its rights under that note in personam against those obligors. |
| Class 13 – Secured Claim of Tulsa County Treasurer for Ad Valorem Taxes | Impaired | This claim is for ad valorem taxes for pre-petition tax years. The holder of this claim shall retain its liens until paid in full with interest as specified herein. Beginning on the effective date of this Plan, Debtors shall pay the full amount of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $245.77 per month. These monthly payments are based on a 60-month amortization of $13,182.82, which is the amount of the proof of claim filed by the holder of this claim. |

B25A (Official Form 25A) (12/08) - Cont.                                                                                                    7

| Class | Impairment | Treatment |
|---|---|---|
| Class 14 – Secured Claim of AHS dba Hillcrest Healthcare System, Inc. – judgment lien | Impaired | This claim is based on the judgment lien documented by the Statement of Judgment recorded at Document Number 2011035485 of the County Clerk of Tulsa County, Oklahoma. Said lien is hereby avoided and released, except that the holder of this claim shall retain its lien on the two unimproved lots described as Lots Thirty-nine (39) and Forty (40), in Block Nine (9), MINSHALL PARK IV, an Addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat thereof, which the Schedules value at $20,000, which is far more than this claim. These lots are otherwise unencumbered except for property taxes. Beginning on the effective date of this Plan, Debtors shall pay the full amount of this claim to the holder of this claim with interest at the rate of 4.5% per annum in payments not less than $55.09 per month, and the holder of this claim shall release its judgment lien when this amount is paid with the interest stated. |
| Class 15 - Secured Claim of Citimortgage - mortgage on 116 S. Jamestown, Tulsa, Oklahoma, which is now owned by Michael and Sherri Kelly. | Impaired | Debtors are no longer the owners of this property. It is owned by Michael and Sherri Kelly, but the obligors on the note are Debtors, not the Kellys. The holder of this claim shall retain its mortgage on this property, but Debtors will not make any payments on the note. If the owner defaults in payment or otherwise, nothing in this Plan shall prevent the holder of this claim from foreclosing its mortgage, but it shall have no right to enforce the note against Debtors in personam. |
| Class 16 - General Unsecured Creditors, to the extent allowed under Section 502 of the Bankruptcy Code. | Impaired | Beginning on the effective date of this Plan, Debtors shall distribute pro rata among the holders of allowed general unsecured claims (including secured claims relegated to general unsecured status) the following monthly amount: $380.74 in months 1 - 60. |
| Class 17 - The interests of the individual Debtors in property of the estate. | Unimpaired | Debtors shall retain all their interests in all their property. Confirmation of the Plan shall vest in Debtors individually all property of the estate. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.01    <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

     5.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

     5.03    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

> Beth Porter, month-to-month lease of 1928 S. Hickory, Broken Arrow, OK, $880 per month.
> Brandon Hughes, month-to-month lease of 110 E. 6th Street, Sand Springs, OK, $550 per month.
> Cody Conn and Michael Smith, lease dated 5/1/11, 6-month term, 500 A. North Lincoln, Sand Springs, OK, $500 per month.
> Elizabeth Cheney, Michael Cheney, Josh Collins, 6-month lease of 500 N. Lincoln, Sand Springs, OK dated 4/16/11, $850/mo.
> Jaime Hunter, month-to-month lease of 520 1/2 N. Lincoln, Sand Springs, OK, $650 per month.
> Jeanne Smith and Pam Hawkins, month-to-month lease of 3247 S. Joplin, Tulsa, OK, $695 per month.
> Kerri Derr, month-to-month lease of 115 S. Knoxville, Tulsa, OK 74115, $650 per month.
> Margaret DeShayzer, month-to-month lease of 3245 S. Joplin, Tulsa, OK, $650 per month.
> Shirley Franklin, month-to-month lease of 5907 E. 33rd Court, Tulsa, OK, $695 per month.
> Note: Tenant Josh Hughes moved out of 520 N. Lincoln, Sand Springs, OK and terminated her month-to-month lease.
> Note: Tenant Bretz Family Trust moved out of 5905 E. 33rd Court Tulsa, OK and terminated its month-to-month lease.
> Note: Susan Hurtado moved out of 11010 E. 18th Street, Tulsa, OK and terminated her month-to-month lease.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than forty-five (45) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Pursuant to §1123(a)(5) of the Code, the plan will be implemented as follows: Debtors individually will make the payments. The source of funding will be future rents earned by Debtors' real properties, Ms. West's wages (as supplemented by Mr. West's construction services if necessary), and Debtors' social security benefits.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oklahoma govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      8.07    Corporate Governance.  § 1123(a)(6)) of the Code is inapplicable because Debtors are individuals.

## ARTICLE IX
## DISCHARGE

      9.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. However, payments on mortgages modified by this Plan shall not be considered "payments under" the plan for purposes of this paragraph or § 1141(d)(5)(A), and the non-completion of payments on those mortgages shall not prevent Debtors from receiving a discharge upon their completion of all other payments required by this plan. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.  The fact that discharge has not been entered shall not prevent the Court from closing this case upon substantial consummation and final report, and the Court will reopen the case on Debtors' motion when Debtors are ready to request a discharge after completing the payments required for discharge; the purpose of this sentence is to prevent Debtors from incurring U.S. Trustee fees for the entire length of their payment schedule.

      9.02    If this case is closed before entry of discharge, then, until discharge is entered or denied, all creditors are enjoined from any act that, if taken before closing, would be prohibited by 11 U.S.C. Section 362.

## ARTICLE X
## OTHER PROVISIONS

      10.01    Sale of Property after confirmation.  Upon confirmation of this Plan, all property of the estate shall belong to Debtors individually and shall cease to be property of the estate in bankruptcy, and thereafter Debtors shall have authority to transfer or encumber said property and incur new debt without order of this court and without notice to creditors or parties in interest.

      10.02    Rents.  Upon confirmation of this Plan, all rents received by Debtors from their properties before or after confirmation shall be free and clear of all liens, mortgages, and assignments.

      10.03    Professionals.  Upon confirmation of this Plan, Debtors shall have authority to employ and compensate professionals without order of the Court.

      10.04    Prepayment. Debtors may make any payment provided by this Plan sooner than the Plan provides.

      10.05    Determination of general unsecured claims. Debtors may delay payments on general unsecured claims until any objections to proofs of claim are resolved.

Respectfully submitted,


/s/ Wendell Wallace West                                      Huckabee & Huckabee, Inc.
Wendell Wallace West
Plan Proponent (Debtor)

                                                                   By: /s/ Brian W. Huckabee
                                                                   Brian W. Huckabee OBA 4428
/s/ Agneta Mari West                                                  406 S. Boulder Suite 425
Agneta Mari West                                                       Tulsa, OK  74103
Plan Proponent (Joint Debtor)                           918-587-3000
                                                                   Attorney for Debtors