IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br>Wendell West<br>Agneta West<br><br>xxx-xx-2683 xxx-xx-9933<br>6515 S. 107th E. Ave.<br>Tulsa OK  74133<br><br>Debtor(s). | Case No. 11-11873-R<br><br>Chapter 11 |

## EX PARTE MOTION TO REOPEN CASE

Debtors move that the Court enter an ex parte text order stating, "On motion of Debtors, it is ordered that this case is reopened".

Debtors filed this case on June 29, 2011. On December 1, 2011, the Court confirmed Debtors' plan of reorganization as amended. On February 24, 2012, Debtors filed their final report. On March 21, 2012, the Court closed the case. No trustee was ever appointed.

The confirmed plan, in paragraph 9.01, provides:

Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. However, payments on mortgages modified by this Plan shall not be considered "payments under" the plan for purposes of this paragraph or § 1141(d)(5)(A), and the non-completion of payments on those mortgages shall not prevent Debtors from receiving a discharge upon their completion of all other payments required by this plan. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. The fact that discharge has not been entered shall not prevent the Court from closing this case upon substantial consummation and final report, and the Court will reopen the case on Debtors' motion when Debtors are ready to request a discharge after completing the payments required for discharge; the purpose of this sentence is to prevent Debtors from incurring U.S. Trustee fees for the entire length of their payment schedule.

Debtors have completed making payments on general unsecured claims as required by the plan, except for any payments uncashed by creditors. Debtors are therefore entitled to a discharge.

11 U.S.C. Section 350 (b) provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Debtors need for the case to be reopened so that they may be accorded the "relief" of a discharge.

        Huckabee & Huckabee, Inc.

        By: /s/ Brian W. Huckabee
        Brian W. Huckabee OBA 4428
        406 S. Boulder Suite 425
        Tulsa, OK  74103
        918-587-3000